**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

IN RE:

WILLIAM F. MALLARD
BETH A. MALLARD                                                      CASE NO. 12-52552

DEBTORS

WILLIAM F. MALLARD                                                   PLAINTIFF

VS.                                                                  ADVERSARY CASE NO. 13-5012

WYNN-SINGER & ASSOCIATES and
INFECTIOUS DISEASE CONSULTANTS                                       DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on Wynn-Singer & Associates and Infectious Disease Consultants' (collectively, "Defendants") Motion for Summary Judgment [Doc. 29]. After Wynn-Singer & Associates ("Wynn-Singer") filed a proof of claim on behalf of Infectious Disease Consultants ("IDC") in Mr. and Mrs. Mallard's bankruptcy case that contained unredacted medical information regarding Mr. Mallard ("Debtor" or "Plaintiff"), Mr. Mallard filed this adversary proceeding. He makes a variety of state and federal law claims, all arising from Defendants' proof of claim. Defendants moved for summary judgment on all counts, except Debtor's objection to their claim, which Defendants have withdrawn. The Court grants Defendants summary judgment on Plaintiff's contempt, tort and Federal Debt Collection Practices Act ("FDCPA") claims, but denies Defendants summary judgment on Plaintiff's Kentucky Consumer Protection Act ("KCPA") claim and claim under KY. REV. STAT. 214.181.

## Facts

The following facts are undisputed. On October 1, 2012, Plaintiff filed a petition for relief under chapter 13. On October 22, 2012, Wynn-Singer, an Ohio law firm, filed a proof of claim

[Claim 3-1] on behalf of IDC, a Kentucky healthcare provider. That claim contained six pages of medical billing records for services rendered from 2004 to 2010. The billing records were unredacted, and included numerical codes for Plaintiff's medical conditions, including human immunodeficiency virus (HIV). The same day Defendants filed the proof of claim, the Debtor moved to restrict access to it. The next day, the Court granted the motion and restricted access to the claim. On November 2, 2012, Wynn-Singer filed a redacted version of IDC's proof of claim, in which Plaintiff's disease codes were no longer visible. [Claim 3-2]. Notwithstanding the restricted access to Defendants' original proof of claim, that claim is still visible to Plaintiff's counsel in I-Got-Notices. [Aff. of Jonathan Furnish, Doc. 32-1]. I-Got-Notices is a database for debtors' attorneys that captures filings in bankruptcy cases and makes those filings available to the attorneys handling the cases in which they are filed. [Doc. 32 at 8]. This is the only evidence in the record regarding the continued visibility of IDC's restricted proof of claim.

On April 1, 2013, Plaintiff filed the complaint in this adversary proceeding. [Doc. 1]. The Plaintiff claims that he suffered embarrassment, anxiety, substantial physical and mental pain and suffering, and a decreased enjoyment of life as a result of Defendants' disclosure of his medical information. Doc. 1, ¶¶ 99, 100. Plaintiff asserts seven causes of action. The first cause of action is an objection to Defendants' proof of claim. The second cause of action is for contempt of court and violation of federal district court and bankruptcy court orders and policies. The third cause of action is for contempt of court and violation of Federal Rule of Bankruptcy Procedure 9037. The fourth cause of action is for public disclosure of private facts. The fifth cause of action is for violation of the Fair Debt Collection Practices Act (FDCPA). The sixth cause of action is for violation of the KCPA. The seventh cause of action is for disclosure of diagnosis of HIV in violation of KY. REV. STAT. § 214.181. Defendants moved for summary judgment on all counts of Plaintiff's complaint [Doc. 29].

<u>Jurisdiction</u>

The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b). This is a core

proceeding pursuant to 28 U.S.C. §§ 157(b)(1), 157(b)(2)(A), (B) and (O).

## Standard of Review

Summary judgment is appropriate if "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Bankr. P. 7056 (incorporating by reference Fed. R. Civ. P. 56). The movant bears the burden of showing that no genuine issues of material fact are in dispute, and the evidence, together with all inferences that can permissibly be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 811 (6th Cir. 2011). The movant's burden can be met, however, not only by affirmatively negating the non-moving party's case, but by pointing to an absence of proof in the non-moving party's case. Rule 7056 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## Analysis

A. Objection to Claim

Plaintiff's first cause of action is an objection to IDC's claim on the grounds that his debt to IDC is time-barred and that the proof of claim revealed his medical information. At the hearing on Defendants' motion for summary judgment, IDC withdrew its claim. Plaintiff's objection is therefore dismissed as moot.

B. Contempt of Court and Violation of Local District Court and Bankruptcy Court Rules and Policies

Plaintiff's second cause of action is contempt of court for violating local rules and policies of this Court and the District Court that were adopted in accordance with the E-Government Act of 2002. Specifically, Plaintiff claims that Defendants' disclosure of his medical information in their proof of claim violated Local Rule 9070-1, which was enacted to comply with the E-Government Act of 2002, and the District Court's Standard Operating Procedure Governing Protection of Personal and Sensitive Information and Public Access to Court Files in Accordance with the E-Government Act of 2002.

This Court and several other bankruptcy courts in this Circuit have held that there is no private cause of action for a contemptuous violation of local rules executing the E-Government Act. *See Lucky v. Ky. Bank (In re Lucky),* Case No. 05-54625, Adv. No. 10-5085, slip op. at 8-9 (Bankr. E.D. Ky. Mar. 21, 2011); *Ricker v. Athens Reg'l Med. Ctr. (In re Ricker)*, No. 12-1032, 2012 WL 2562760, at *6 (Bankr. E.D. Tenn. June 29, 2012) (Rucker, J.); *French v. Am. Gen. Fin. Services (In re French)*, 401 B.R. 295, 311-13 (Bankr. E.D. Tenn. 2009) (Stair, J.) Section 105 of the Code, on which Plaintiff relies, does not authorize this Court to create a cause of action under the E-Government Act of 2002, or under local rules enforcing it. *See Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 423 (6th Cir. 2000) (holding that § 105 does not authorize bankruptcy courts to create private causes of action). Defendants' motion for summary judgment on this count, therefore, will be granted.

C. Contempt of Court and Violation of Federal Rule of Bankruptcy Procedure 9037

Plaintiff's third cause of action is contempt of court for violating Rule 9037. This Court and several other bankruptcy courts in this Circuit have held that there is no private cause of action for a contemptuous violation of Rule 9037. *See Lucky v. Ky. Bank*, slip op. at 9-10; *Ricker*, 2012 WL 2562760, at *4; *Lentz v. Bureau of Med. Econ. (In re Lentz)*, 405 B.R. 893, 898 (Bankr. N.D. Ohio 2009); *cf. French*, 401 B.R. at 315 n.9 (noting that usually contempt claims for violations of Rule 9037 should be brought in a contested matter, not an adversary proceeding). As with the Court's local rules, § 105, on which Plaintiff relies, does not give this Court the

4

authority to create a private cause of action under Rule 9037. Defendants' motion for summary judgment on this count, therefore, will be granted.

    D. Public Disclosure of Private Facts

Plaintiff's fourth cause of action is public disclosure of private facts, a tort claim that has been recognized by Kentucky courts. Plaintiff claims that the disclosure of his disease codes satisfies the elements of this tort. The Kentucky Supreme Court has recognized invasion of privacy as an actionable tort, precisely as that tort is defined in the Restatement (Second) of Torts. *See McCall v. Courier-Journal and Louisville Times Co.*, 623 S.W.2d 882, 887 (Ky. 1981). The Restatement recognizes four theories of invasion of privacy, one of them being public disclosure of private facts, or, under the Restatement's terminology, unreasonable publicity given to another's private life. Restatement (Second) of Torts § 652A. Beyond adopting the tort as defined in the Restatement, Kentucky courts have had no occasion to discuss the public disclosure of private facts theory. The Court, therefore, follows the Restatement's definition. *See Lucky*, slip op. at 11 (following the Restatement's definition of the tort at issue here).

To establish a claim for invasion of privacy based on public disclosure of private facts, a plaintiff must show that the person who committed the tort gave publicity to a matter concerning the plaintiff's private life, that the matter would be highly offensive to a reasonable person, and that it is not of legitimate concern to the public. Restatement (Second) of Torts § 652D. The Restatement defines giving publicity to a matter as "communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." Restatement (Second) of Torts § 652D cmt. a. It further notes that "it is not an invasion of the right to privacy . . . to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons." *Id.*

Defendants argue that Plaintiff has failed to create a genuine issue of material fact on the publicity element of the tort. While acknowledging that the public can access filings in this

5

Court by requesting them at the Clerk's office, they argue that because of the restrictive access to the electronic court filing system ("ECF"), and because the public could only access the proof of claim upon request, and because Plaintiff has not alleged that any member of the public viewed the proof of claim, the proof of claim did not give publicity to Plaintiff's medical information. In support of their argument, they cite several bankruptcy cases that, applying the Restatement's definition of publicity, hold that the filing of a proof of claim does not give publicity to the information included therein. *See Dunbar v. Cox Health Alliance, LLC (In re Dunbar)*, 446 B.R. 306, 316 (Bankr. E.D. Ark. 2011); *French*, 401 B.R. at 318.

Debtor, in his response to Defendants' motion for summary judgment, does not argue with Defendants' assertion that no member of the general public accessed the proof of claim. Instead, Debtor argues that the number of persons with access to ECF has increased since the cases on which Defendants rely were decided, to include "hundreds of thousands of users" of document databases which collect ECF filings. [Doc. 32 at 8]. However, as noted above, the only evidence Debtor offers to support these assertions is an affidavit from Debtor's attorney's paralegal, who states that he can view the unredacted proof of claim through "I-Got Notices," a service which sends notices of bankruptcy court filings to the attorneys handling the cases in which those filings are made.

Debtor has failed to sufficiently establish the existence of an essential element of his claim–publicity. IDC's unredacted proof of claim was visible on the Court's docket for only a day. Under the evidence in the record, it could only be accessed, during that day, by Court employees, subscribers to this Court's ECF system and to members of the general public who requested the proof of claim at the Clerk's office. The only evidence of continued access to the unredacted proof of claim is that Debtor's counsel can still access the proof of claim. The small group of persons who could, without taking affirmative and unusual steps to do so, access IDC's proof of claim during the day it was unrestricted is not, without more, sufficient to establish publicity. "[I]t is not an invasion of the right to privacy . . . to communicate a fact concerning the

plaintiff's private life to a single person or even to a small group of persons." Restatement (Second) of Torts § 652D cmt. a. *See Lucky*, slip op. at 11 (a proof of claim filed on this Court's ECF did not give publicity to a debtor's social security number); *Ricker*, 2012 WL 2562760, at *6-8 (same); *Dunbar*, 446 B.R. at 316 (same); *French*, 401 B.R. at 318 (same). Nor does even the smaller group of persons–Court personnel and Debtor's counsel–that can still see the unredacted proof of claim establish publicity.

The Debtor has not offered sufficient evidence of publicity, an essential element of his claim. Thus, there is no genuine issue of material fact and Defendants are entitled to judgment on this count as a matter of law.

E. FDCPA

Plaintiff's fifth cause of action is a claim for violations of the FDCPA for improper debt collection activities by Wynn-Singer.[1] Wynn-Singer's sole argument in support of its request for summary judgment on the FDCPA count is that the filing of a proof of claim cannot be the basis for an action under the FDCPA.

Plaintiff's FDCPA claims fall into two categories. First, Plaintiff asserts Wynn-Singer's disclosure of his medical information violates several provisions of the FDCPA, including 15 U.S.C. § 1692d, which prohibits harassment or abuse in connection with the collection of a debt, and 15 U.S.C. § 1692f, which prohibits unfair or unconscionable means of debt collection. Second, Plaintiff claims that Wynn-Singer sought to collect a time-barred debt by filing IDC's proof of claim, which violates 15 U.S.C. § 1692e. Section 1692e prohibits false, deceptive, or misleading representations in connection with the collection of a debt.

Many courts have held that the FDCPA does not apply to representations made in a proof of claim for a wide variety of reasons. *See Simon v. FIA Card Services, N.A.*, 732 F.3d 259, 271 n.7 and accompanying text (3d Cir. 2013) (collecting cases holding that the FDCPA

---

[1] Plaintiff acknowledges that IDC is not liable under the FDCPA because it is not a "debt collector" as that term is defined in the FDCPA.

does not apply to proofs of claim). The Sixth Circuit has not addressed the applicability of the FDCPA to proofs of claims, but it has determined that the FDCPA is broadly construed. The FDCPA applies not only to out-of-court debt collection practices, but also to state court complaints seeking to collect a debt. *See Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606 (6th Cir. 2009); *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588 (6th Cir. 2009).

Most recently the Sixth Circuit held, contrary to the "view adopted by a majority of district courts," that the FDCPA applies to state court foreclosure actions. *Glazer v. Chase Home Finance LLC*, 704 F.3d 453, 460 (6th Cir. 2013). In so ruling, the Sixth Circuit implicitly rejected arguments that either the mere supervision of a court or the availability of non-FDCPA remedies in the litigation context obviate the need for the protections of the FDCPA.

The Sixth Circuit's broad interpretation of the FDCPA's applicability should not extend to the mere filing of a proof of claim. In the Sixth Circuit, "for a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011). Filing a proof of claim is not a demand for payment from a debtor. At most, it is a request to participate in the claims allowance process of the debtor's estate. 11 U.S.C. §§ 502, 1306, 1326.

Debt collection activity, including litigation, is not the same as filing a request to participate in the claims allowance process. As explained by one bankruptcy court:

> [F]iling a proof of claim in bankruptcy cannot be the basis for an FDCPA claim, because it is not an activity against a consumer debtor. The FDCPA is designed to regulate debt collection activities against unsophisticated consumers. To constitute a debt collection activity under the FDCPA, the activity must be asserted against a consumer. The filing of a proof of claim is a request to participate in the distribution of the bankruptcy estate under court control. It is not an effort to collect a debt from the debtor, who enjoys the protections of the automatic stay.

*In re McMillen*, 440 B.R. 907, 912 (Bankr. N.D. Ga. 2010); *see also Covert v. LVNV Funding, LLC*, No. 13-0698, 2013 WL 6490318 at *7 (D. Md. Dec. 9, 2013); *In re Humes*, 496 B.R. 557, 581 (Bankr. E.D. Ark. 2013); *In re Jenkins*, 456 B.R. 236 (Bankr. E.D.N.C. 2011); *cf. Jacques v.*

*U.S. Bank N.A. (In re Jacques)*, 416 B.R. 63, 77-81 (Bankr. E.D.N.Y. 2009) (discussing differing theories for holding FDCPA not applicable to filing a proof of claim).

The purposes of the FDCPA are defined as follows:

(e) Purposes.

It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(e).

These purposes are not served by a holding that the FDCPA applies to the filing of a proof of claim. The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). The Debtor's estate is not a natural person. Payment to a creditor only comes as a distribution from a fixed amount of monthly plan payments determined in accordance with chapter 13 confirmation requirements, 11 U.S.C. § 1325, and is not intended to "induce payment by the debtor." *Grden*, 643 F.3d at 173. The bankruptcy claims allowance process is uniquely structured to ensure a fair distribution of estate assets. Filing a proof of claim is not a form of debt-collection activity. For these reasons, the Court will grant Wynn-Singer's motion for summary judgment on this count.

F.  KCPA

Plaintiff's sixth cause of action is for violation of the KCPA. Plaintiff claims Defendants violated KY. REV. STAT. § 367.170, which forbids unfair, false, misleading, or deceptive trade practices. Defendants' motion for summary judgment does not expressly address Plaintiff's KCPA claim. At oral argument, Defendants stated that they sought summary judgment on all counts of Plaintiff's complaint. Defendants' answer does respond to Plaintiff's allegations regarding the KCPA, but does not explain why their conduct did not violate the KCPA; instead, it simply "den[ies] the allegations contained in" each paragraph of Plaintiff's complaint addressing the KCPA, "as it calls for a legal conclusion." Answer, ¶¶ 87-92 [Doc. 17]. Defendants have

9

given the Court no basis on which to grant summary judgment on this count and the Court denies Defendants' motion.

G. Disclosure of Diagnosis of HIV

Plaintiff's seventh and final cause of action is for disclosure of his HIV diagnosis, in violation of KY. REV. STAT. § 214.181. Kentucky law prohibits the disclosure of HIV test results to anyone outside of an enumerated list of persons and entities not applicable here. *See* KY. REV. STAT. § 214.181(5)(d).

Defendants move for dismissal of these claims, arguing that § 214.181 does not provide a private right of action to the Debtor. By its terms, the statute does not create a private right of action; the only remedy it mentions for wrongful disclosure is disciplinary action by a healthcare professional's licensing chapter. *See* KY. REV. STAT. § 214.181(8). Plaintiff, however, argues that KY. REV. STAT. § 446.070, which codifies the doctrine of negligence per se, creates a private right of action for violations of § 214.181. Plaintiff is correct.

Section 446.070 states that a "person injured by the violation of a statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation." KY. REV. STAT. § 446.070. The Kentucky Supreme Court has held that § 446.070 creates a cause of action whenever (a) "the alleged offender has violated a statute" and (b) "the plaintiff was in the class of persons which that statute was intended to protect." *Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 99-100 (Ky. 2000). Section 446.070 does not apply to federal statutes, nor to the Kentucky Constitution, nor to most Kentucky administrative regulations. *See St. Luke Hosp., Inc. v. Straub*, 354 S.W.3d 529, 534-36 (Ky. 2011). But it applies without limitation to Kentucky statutes, so long as the plaintiff is within the class of persons the statute was intended to protect. *Id.*

Defendants do not dispute that § 214.181 is a Kentucky statute, or that Plaintiff is within the class of persons § 214.181 was intended to protect. Instead, Defendants argue that § 446.070 does not create a cause of action for violations of Kentucky statutes for which

alternative remedies are available. Defendants claim the Kentucky Supreme Court held this in *St. Luke.* It did not. In *St. Luke*, the Kentucky Supreme Court held § 446.070 did not apply to violations of the Kentucky Constitution because the Kentucky Constitution was not a statute. *St. Luke*, 354 S.W.3d at 536. Then, turning to the distinct question of whether it should "create a new tort cause of action in Kentucky to provide money damages for constitutional violations," *id*. at 537, it declined to do so because of the availability of "adequate alternative remedies," *id*. The court's discussion of alternative remedies was entirely addressed to this question, not to the applicability of § 446.070. Moreover, § 446.070 expressly creates a private cause of action for violations of statute even if alternative remedies exist, providing that a "person injured by the violation of a statute may recover . . . damages . . . *although a penalty or forfeiture is imposed for such violation.*" KY. REV. STAT. § 446.070 (emphasis added). Therefore, the Court holds that § 446.070 creates a cause of action for violations of KY. REV. STAT. § 214.181.

Defendants argue in the alternative that if § 214.181 does, in tandem with § 446.070, create a private right of action, it is preempted by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). HIPAA preempts state laws if it would be impossible for a health care provider to comply simultaneously with HIPAA and the state law, or if the state law is an obstacle to the accomplishment of HIPAA's objectives. *See* 45 C.F.R. § 160.202; *Wade v. Vabnick-Wener*, 922 F. Supp.2d 679, 686 (W.D. Tenn. 2010). But HIPAA expressly excepts from preemption any state law that is "more stringent" than HIPAA. 42 U.S.C. § 1320d-2 Note, (c)(2). If a state law "prohibits or restricts . . . a disclosure" HIPAA would permit, it is deemed "more stringent" than HIPAA. 45 C.F.R. § 160.202.

Defendants do not explain why it is impossible to comply simultaneously with HIPAA and KY. REV. STAT. § 214.181, or how § 214.181 is an obstacle to the accomplishment of HIPAA's objectives. If anything, their argument seems to be that HIPAA preempts § 214.181 because § 214.181, by creating a private cause of action for disclosure of HIV test results, goes farther than HIPAA , which Defendants assert does not create such a cause of action. If § 214.181

11

does go farther than HIPAA, that merely means that it is more stringent than HIPAA, and therefore expressly protected from preemption. Defendants' motion for summary judgment on this claim will be denied.[2]

## Conclusion

For the reasons given above, the Court **dismisses** Plaintiff's objection to claim, **grants** Defendants' motion for summary judgment on Plaintiff's contempt claim for violations of local rules and policies, Plaintiff's contempt claim for violations of Rule 9037, Plaintiff's claim for public disclosure of private facts, and Plaintiff's FDCPA claim and **denies** Defendants' motion for summary judgment on Plaintiff's KCPA claim, and claim for disclosure of diagnosis of HIV in violation of KY. REV. STAT. § 214.181. A separate order in conformity herewith shall be entered.

---

[2] Because Defendants solely move for summary judgment on the theory that there is no cause of action under § 214.181, the Court need not decide at this time whether the disclosure of Debtor's disease codes in a proof of claim violated § 214.181.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Wednesday, March 12, 2014
(tnw)**